IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  ZOSTAVAX (ZOSTER        :        MDL NO. 2848
VACCINE LIVE) PRODUCTS          :
LIABILITY LITIGATION            :
_____ :
                                :
THIS DOCUMENT RELATES TO:       :
                                :
PHYLLIS LYONS                   :        CIVIL ACTION NO. 19-3473
                                :
        v.                      :
                                :
MERCK & CO., INC. & MERCK       :
SHARP & DOHME CORP.             :
_____         _____


MEMORANDUM IN SUPPORT OF PRETRIAL ORDER NO. 486

Bartle, J.                                          July 11, 2023

        Defendants Merck & Co., Inc. and Merck Sharp & Dohme
Corp. ("Merck") have moved to dismiss the above action for
failure to provide authorizations.  Plaintiff has not filed any
opposition to the motion.

        This action is one of the Group C cases in this MDL.
Group C cases are those in which the plaintiff alleges to have
suffered a hearing loss as a result of having received a
Zostavax vaccine injection.  Under Pretrial Order No. 46,
plaintiffs are required to produce authorizations for Merck to
obtain records from entities identified in plaintiff's Fact
Sheets.  Merck requested certain authorizations at the end of
March 2023, but plaintiff did not return the authorizations

within the seven days required under Pretrial Order No. 46.

Merck filed a motion to compel which the court granted on

May 15, 2023.  In Pretrial Order No. 475 the court ordered

plaintiff to serve the medical release authorizations by May 22,

2023.  The court stated in its Order that if plaintiff did not

comply, the "action may be dismissed in whole or in part or the

plaintiff may be prohibited from introducing relevant materials

into evidence."  No authorizations have been forthcoming.

The court cannot emphasize enough the importance of

compliance with Pretrial Order No. 46 requiring plaintiffs to

provide authorizations to Merck to obtain plaintiff's medical

and other records.  This MDL currently consists of approximately

900 cases.  Without compliance with this critical step, cases in

this MDL cannot move forward.  Without compliance, Merck is

placed in the onerous position of having to file motions to

compel or dismiss, to say nothing of the management and time-

consuming burden placed on the court.

Merck has established that the relevant factors under

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868-70

(3d Cir. 1984), have been satisfied.  The plaintiff has been

dilatory, has been warned, has not acted in good faith, and has

caused prejudice to Merck.  The only effective remedy is

dismissal.

-2-